UNITED STATES of America, Plaintiff

v.

Alexander CARIÑO–TORRES [1], Defendant.

Criminal No. 07–155 (FAB).

United States District Court, D. Puerto Rico.

Oct. 18, 2007.

Dina Avila–Jimenez, United States Attorney's Office, San Juan, PR, for Plaintiff.

## MEMORANDUM AND ORDER

BESOSA, District Judge..

On April 11, 2007, a Grand Jury sitting in this district issued a two-count indictment charging defendant Alexander Cariño–Torres ("Cariño") with conspiracy to distribute a substance with detectable amounts of cocaine within one thousand feet of a public housing facility and with possession of a substance containing detectable amounts of cocaine with intent to distribute within one thousand feet of a public housing facility (Docket No. 2). On October 5, 2007, the United States filed its Designation of Evidence (Docket No. 116), in which it identified two video and audio recordings that it intended to use at trial. Later the same day, the defendant filed a Motion in which he objected to the use of both recordings and their respective transcripts (Docket No. 119). In that motion the defendant requested a pre-trial hearing and also requested that he be present at the hearing. Also later that same day, the Court ordered the United States to respond to the defendant's motion (Docket No. 122). On October 10, 2007, the United States filed its Response in Opposition to the defendant's motion objecting to the two recordings and their respective transcripts (Docket No. 130). For the reasons discussed below, the Court **grants** the defendant's motion for a pre-trial hearing on the accuracy and audibility of the recordings and their respective transcripts. The

hearing shall be held in camera on **October 25, 2007 at 9:00 a.m.** If the parties are able to stipulate as to the accuracy and audibility of the recordings and their transcripts, or if the defendant is able to verify their accuracy and audibility, then this order will be vacated. The Court will be informed as to such a stipulation or verification no later than **October 24, 2007 at 5:00 p.m.**

## DISCUSSION

Cariño has objected to the use of two video and audio recordings, N–14 and N–15, "because of the poor quality which deems it [sic.] inaudible in most part and misleading in relation to the small segments which can be heard." (Mot. Objecting Use Of Recordings And Transcripts As Evidence Or As Jury Aid at 1.) *Carbone* and its progeny instruct that where a defendant objects to a recording prior to trial, the "preferred way of handling challenges to the accuracy and audibility" of the recordings is through a pre-trial hearing. *United States v. Carbone*, 798 F.2d 21, 25 (1st Cir.1986). The same is said of transcripts of the recordings, although the transcripts themselves are only an aid to the fact-finder and are not themselves evidence. *See United States v. Mazza*, 792 F.2d 1210, 1226 (1st Cir.1986); *Carbone*, 798 F.2d at 25–26; *see also United States v. Font–Ramirez*, 944 F.2d 42, 48 (1st Cir. 1991). The Court's review of the transcripts may be conducted *in camera*, however without any prejudice to the defendant.

Therefore, prior to trial the Court shall conduct an *in camera* review of the video and audio recordings for audibility and accuracy. The Court shall then make a ruling on the admissibility of the recordings under *Carbone*. If the parties are unable to stipulate upon a transcript of the recordings, then the Court shall also re-

view the available transcripts and rule upon them as well.

### Conclusion

For the foregoing reasons, the Court **GRANTS** Cariño's motion for a pre-trial hearing on the audibility and accuracy of the video and audio recordings and their respective transcripts. The hearing shall be conducted *in camera* on **October 25, 2007 at 9:00 a.m.** The United States shall submit recordings N–14 and N–15 prior to the hearing. The United States shall also submit its transcripts of the recordings prior to the hearing. If the defendant has prepared alternate transcripts then the defendant shall submit those transcripts prior to the hearing and the Court shall rule upon the transcripts as well as the recordings. If the parties are able to stipulate as to the accuracy and audibility of the recordings and their respective transcripts, or if the defendant is able to verify their accuracy and audibility, then this order shall be vacated. The Court shall be informed as to such a stipulation or verification no later than **October 24, 2007 at 5:00 p.m.**

IT IS SO ORDERED.